# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In Re:* **J.M., J.M., and C.M.**

**No. 12-0901** (Calhoun County 11-JA-40, 41 & 42)

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father files this appeal, by counsel Betty Clark Gregory, from the Circuit Court of Calhoun County, which terminated Petitioner Father's parental rights to his children by order entered on July 26, 2012. The guardian ad litem for the children, Tony Morgan, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, also filed a response in support of termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented in the parties' written briefs and the record, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

DHHR filed the abuse and neglect petition in the instant case in November of 2011, based on allegations that the children were living in unsafe and unsanitary conditions, that they witnessed domestic violence in the home, and that they had easy access to drug paraphernalia in the home. At the adjudicatory hearing, Petitioner Father admitted to the allegations in the petition. He orally requested an improvement period in early May of 2012, and the circuit court permitted him to file a written motion on this request and held a hearing on this motion at the disposition in mid-May of 2012. At this hearing, Petitioner Father's motion for an improvement period was denied after the circuit court found that petitioner failed to submit to any drug screens, failed to participate in visits with his children since March of 2012, and had not participated in any other services since February of 2012. The circuit court terminated Petitioner Father's parental rights by order entered in July of 2012. The mother's parental rights were also terminated. Petitioner Father appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

1

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Father argues the circuit court erred in not holding a timely hearing and not making a timely ruling on his request for an improvement period. He argues that the circuit court did not conduct a hearing on his request until more than four months after his first request, which caused him to be confused as to what was expected of him and which denied a meaningful opportunity to be reunited with his children.

In response, the guardian ad litem and DHHR support the circuit court's termination order. The guardian asserts that at the dispositional hearing, Petitioner Father was on home confinement for criminal charges related to the abuse and neglect case and the delay, if any, in ruling on Petitioner Father's motion did not prejudice him. DHHR points out that while Petitioner Father asserts that he requested an improvement period in January of 2012, the record reflects that it was not until May of 2012 that Petitioner Father actually made such a request in writing. Thereafter, on May 14, 2012, he was given the opportunity to present evidence and testimony to support his motion. Consequently, there can be no error asserted against the circuit court concerning its timeliness in addressing this motion. Moreover, Petitioner Father's argument focuses on the timeliness of the ruling, not on the denial itself. Both the guardian and DHHR argue that the record and the circuit court's findings indicate that Petitioner Father did nothing to support receiving an improvement period and that an earlier hearing on Petitioner Father's motion would not have changed the outcome.

We find no error by the circuit court in terminating Petitioner Father's parental rights or in its ruling denying his motion for an improvement period. We have held as follows:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover,

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, *W.Va.Code* [§] 49-6-5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under *W.Va.Code* [§] 49-6-5(b) [1977] that conditions of neglect or abuse can be

substantially corrected." Syllabus Point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 7, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (internal citations omitted). Our review of the record supports the circuit court's termination order.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Father's parental rights to J.M., J.M., and C.M.

Affirmed.

**ISSUED:** January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II